IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC SYLVESTER DYSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. ELH-22-1299 |
| SHANE WEBBER and | * | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM

Pending is respondent's Limited Answer (ECF 5) to the petition for writ of habeas corpus (ECF 1) filed by the self-represented petitioner, Eric Dyson. Respondents allege, in part, that the petition is untimely. ECF 5.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244(d)(1). Under the provisions of 28 U.S.C. § 2244(d)(1), the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

On May 13, 2016, Dyson was convicted in the Circuit Court for Montgomery County of second-degree murder and theft-related charges.  He was sentenced to 47 years and six months' incarceration on October 13, 2016.  ECF 5-1 at 22-3.  Dyson timely appealed to the Maryland Court of Special Appeals of Maryland, which affirmed his judgment of conviction on September 24, 2018, with the mandate issuing on October 29, 2018.  *Id.* at 152-87.  Dyson subsequently filed a petition for a writ of certiorari in the Court of Appeals of Maryland, and his petition was denied on February 22, 2019.  *Id.* at 201.  Dyson did not petition the United States Supreme Court for a writ of certiorari challenging the state court's denial of discretionary review.

On September 10, 2019, Dyson filed a post-conviction petition in state court.  *Id.* at 25.  Following a hearing on January 22, 2021, the post-conviction court docketed a memorandum opinion and order on February 26, 2021, granting in part and denying in part Dyson's petition.  *Id.* at 27-28.  Dyson did not file an application for leave to appeal from that decision.

On February 3, 2021, before the post-conviction court issued its decision, Dyson filed a "Motion to Extend [Deadline] for Filing Application for Leave to Appeal."  *Id.* at 27.  That motion was denied on March 11, 2021.  *Id.* at 28.  On April 30, 2021, Dyson filed a belated motion for reconsideration of his sentences.  *Id.*  After a hearing, the state circuit court denied that motion on July 26, 2021.  *Id.* at 29.

This Court received Dyson's habeas petition on May 31, 2022.  It was dated April 28, 2022, ECF 1 at 6, and he certified that it was mailed on May 16, 2022.  ECF 2 at 4.

From this record, it appears that Dyson's conviction became final on May 23, 2019, when

the time for filing a petition for writ of certiorari in the Supreme Court expired. *See* U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Dyson thus had one year from that date, or until May 23, 2020, to file his federal habeas petition. But, because May 23, 2020 fell on a Saturday, the time for filing was automatically extended to Monday, May 27, 2020. *See* Fed. R. Civ. P. 6(a)(1).

As previously noted, this one-year limitation period was tolled during the pendency of post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). Dyson had three periods during which no state post-conviction application was pending. First, between the finality of his judgment of conviction on May 23, 2019, and the filing of his state post-conviction petition on September 10, 2019, 110 days elapsed. Second, between March 11, 2021, the date that the state circuit court denied Dyson's motion to extend his deadline to file an application for leave to appeal, and April 30, 2021, the date that Dyson filed his belated motion for reconsideration of his sentences, 50 days elapsed. Finally, between July 26, 2021, the date that the state circuit court denied Dyson's motion for reconsideration, and May 16, 2022, the earliest date on which Dyson could claim that he effectively filed his federal habeas petition, 294 days elapsed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

In sum, the limitations clock ran for a total of 454 days, or over one year, during which no state post-conviction application was pending. Thus, statutory tolling does not salvage Dyson's federal habeas claims.

However, "the one year limitation period is also subject to equitable tolling in 'those rare

instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

Therefore, I shall grant petitioner an opportunity to establish a basis for equitable tolling. An Order follows.


Date:  June 27, 2022                                    /s/
                                              Ellen L. Hollander
                                              United States District Judge