**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ERIC SYLVESTER DYSON,                    *

Petitioner,                              *

v.                                       *        Civil Action No. ELH-22-1299

SHANE WEBBER and                         *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,                       *

Respondents.                             *
                                        ***

**MEMORANDUM**

Petitioner Eric Sylvester Dyson, a Maryland prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2016 conviction in the Circuit Court for Montgomery County, Maryland for second-degree murder and theft-related offenses. ECF 1. At the direction of the Court (ECF 6, ECF 7), Dyson filed a supplement. ECF 8. I shall refer to ECF 1 and ECF 8 collectively as the "Petition."

Dyson raises five grounds for relief. ECF 1 at 5-6. Specifically, he claims that: (1) the trial court erred in allowing the State to introduce a statement that he gave to the police; (2) the trial court erred in denying his motion to suppress a statement that he made; (3) the evidence was insufficient to support his theft convictions and resulting sentence; (4) the trial court erred in failing to strike the jury panel; and (5) his post-conviction counsel rendered ineffective assistance. *Id.* at 5-6, 23.

Respondents Warden Shane Webber and the Maryland Attorney General filed a "Limited Answer," with exhibits. ECF 5; ECF 5-1. They assert that Dyson's ineffective assistance claim is not cognizable in this proceeding and, in any event, his Petition may not be considered by this court because it was not timely filed within the one-year limitations period under 28 U.S.C. § 2244. ECF

5 at 12-19.  Respondents also assert that Dyson is not entitled either to statutory tolling or an equitable exception to the one-year filing deadline.  *Id.* at 20-23.

Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the court provided Dyson an opportunity to explain why the Petition should not be dismissed as time barred.  ECF 6; ECF 7.  Dyson filed a supplement, stating that, for the purpose of filing the Petition, he believed he "had one year from [his] final disposition which was July 26th 2021," when he was "denied post-conviction relief for modification of sentence . . . ."  ECF 8 at 1.

No hearing is necessary to resolve the matter.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*, and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

For the reasons that follow, I shall dismiss the Petition.  I also decline to issue a certificate of appealability.

## I.    Background

On May 13, 2016, Dyson was found guilty by a jury in the Circuit Court for Montgomery County of second-degree murder, theft of a credit card, two counts of use and disclosure of credit card numbers, and engaging in a theft scheme.  *State of Maryland v. Eric S. Dyson*, Case No. 126986C (Cir. Ct. for Montgomery Cnty.); ECF 5-1 at 7-8.[1]  He was sentenced on October 13, 2016, to a total of 47 years and six months of incarceration.  *Id.*

---

[1] Citations refer to the pagination assigned by the court's Case Management and Electronic Case Files system.

Dyson timely noted a direct appeal to the Maryland Court of Special Appeals,[2] which affirmed his judgment of conviction in an unreported opinion filed on September 24, 2018, with the mandate issuing that same day. *Dyson v. State*, No. 1969, Sept. Term 2016 (Md. Ct. Spec. App. Sep. 24, 2018); ECF 5-1 at 152-87.

Dyson subsequently filed a petition for a writ of certiorari in the Court of Appeals of Maryland, which he later supplemented. ECF 5-1 at 188-200. On February 22, 2019, the petition was denied. *Dyson v. State*, 462 Md. 564, 201 A.3d 1232 (2019); ECF 5-1 at 201.

Then, on September 10, 2019, Dyson filed a petition for post-conviction relief in state circuit court. ECF 5-1 at 25. Following a hearing on January 22, 2021, the post-conviction court issued a memorandum opinion and order on February 26, 2021, granting in part and denying in part Dyson's petition. *Id.* at 28.[3] From the docket, it appears that the post-conviction court granted Dyson relief in the form of leave to file a belated motion for reconsideration of his sentences, pursuant to Maryland Rule 4-345(e). *See id.*[4] Dyson filed his belated motion on April 30, 2021, and following a hearing on July 26, 2021, the circuit court denied the motion for reconsideration. *Id.* at 28-29. Dyson did not otherwise file an application for leave to appeal from the post-conviction court's judgment. *See id.*

---

[2] At the general election of November 8, 2022, the voters of Maryland approved the change in the name of the Maryland Court of Appeals and the Maryland Court of Special Appeals. They are now known, respectively, as the Supreme Court of Maryland and the Appellate Court of Maryland. The change took effect on December 14, 2022. However, I shall refer to the courts by the names in effect at the time of a particular decision.

[3] On February 3, 2021, before the post-conviction court filed its memorandum opinion and order, Dyson filed a "Motion to Extend [Deadline] for Filing Application for Leave to Appeal." ECF 5-1 at 27. The circuit court denied the motion on March 11, 2021. *Id.* at 28.

[4] The State did not provide a copy of the circuit court's opinion.

On April 28, 2022, Dyson filed his Petition in this court.[5]  *See* ECF 1 at 6; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system); Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 3(d) (mandating prison-mail box rule).[6]

Additional facts are included, *infra*.

## II.    Standards of Review

### A.  Section 2254 Generally

The Petition seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court is precluded from granting habeas corpus relief "on a claim decided on the merits in a state court unless it determines the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the record evidence.'"  *Crockett v. Clarke*, 35 F.4th 231, 235 (4th Cir. 2022).  Moreover, the federal court's review of a state court decision under 28 U.S.C. § 2254 is conducted "through a narrow lens . . .," requiring a review of "the record in its entirety" as it existed before the post conviction court.  *Mahadi v. Stirling*, 20 F.4th 846, 854 (4th Cir. 2021); *see Mays v. Hines*, ___ U.S. ___, 141 S. Ct. 1145, 1149 (2021) (per curiam); *Hyman v. Hoekstra*, 41 F.4th 272, 274 (4th Cir. 2022).  The Fourth Circuit has characterized the standard as "an extraordinary standard of review."  *Crockett*, 35 F.4th at 235.

---

[5] Respondents misread this date as April 24, 2022.  ECF 5 at 11, 21.

[6] It is unclear when Dyson deposited his Petition in the prison's mailing system, as the envelope was not postmarked until May 24, 2022.  *See* ECF 1-1.  However, because Dyson signed the Petition on April 28, 2022, the court shall consider that date as the filing date.

A § 2254 petition must set forth specific grounds for relief.   *Samples v.* Ballard, 860 F.3d 266, 273 (4th Cir. 2017); *see also Folkes v. Nelsen*, 34 F.4th 258, 267 (4th Cir. 2022).  Claims by a State prisoner that he is in custody in violation of the Constitution or the laws of the United States "implicate concerns about federalism and comity[.]"   *Crockett*, 35 F.4th at 241.  Concerns of comity and federalism "reach their apex" when a state court has previously ruled on an alleged wrongful conviction.  *Valentino v. Clarke*, 972 F.3d 560, 575 (4th Cir. 2020).  Therefore, "the standard for such claims is exceedingly high."  *Crockett*, 35 F.4th at 241; *see Burt v. Titlow*, 571 U.S. 12, 19 (2013).

Notably, "[t]he State possesses primary authority for defining and enforcing the criminal law, and for adjudicating constitutional challenges to State convictions."  *Shinn v. Ramirez*, ___ U.S. ___, 142 S. Ct. 1718, 1730-31 (2022) (internal quotation marks and citations omitted). "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge."  *Davis v. Ayala*, 576 U.S. 257, 276 (2015) (internal quotation marks and citations omitted).  Therefore, § 2254 "is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state courts that conducted the original trial and heard the initial appeals." *Williams v. Taylor*, 529 U.S. 362, 383 (2000); *see Walters v. Martin*, 18 F.4th 434, 441 (4th Cir. 2021).  Therefore, the habeas court may not disturb a state court judgment "absent an error that lies beyond any possibility for fairminded disagreement."  *Mays*, 141 S. Ct. at 1146; *see Walters*, 18 F.4th at 441.

In *Nicolas v. Atty. Gen. of Maryland*, 820 F.3d 124, 129 (4th Cir. 2016), the Fourth Circuit explained (citing 28 U.S.C. § 2254(d)):

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a federal court reviewing a habeas petition that has already been adjudicated on the merits in state court to give considerable deference to the state court decision. A federal court may not grant habeas relief unless the state court arrived at "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Factual determinations are unreasonable when they are "'sufficiently against the weight of the evidence . . . .'" *Williams v. Stirling*, 914 F.3d 302, 312 (4th Cir. 2019) (citation omitted). But, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (citation omitted).

## B.    Timeliness

Under AEDPA, a habeas petition is subject to a one-year statute of limitation. 28 U.S.C. § 2244(d)(1); *Woodfolk v. Maynard*, 857 F.3d 531, 540 (4th Cir. 2017). Pursuant to 28 U.S.C. § 2244(d)(1), the one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period, however, is tolled while properly filed state post-conviction proceedings are pending. *Id.* § 2244(d)(2). *See Woodfold*, 857 F.3d at 540.

C.     Equitable Tolling

Under limited circumstances, the one-year limitations period for filing a habeas petition may be subject to equitable tolling.  *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000).  To invoke equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation omitted).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris*, 209 F.3d at 330).

III.     Discussion

Respondents argue that Dyson's ineffective assistance claim is not cognizable in this proceeding, and that the Petition is time barred because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  ECF 5.  Further, they assert that Dyson is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) or to an equitable exception.

In his supplement, Dyson does not assert that there was any impediment to filing his application, any newly recognized constitutional right, or any newly discovered factual predicate underlying his claims that would present a situation indicating that he timely filed his Petition within the one-year period.  *See* ECF 8; 28 U.S.C. § 2244(d)(1)(B)(C)(D).  He states that he was waiting to receive transcripts and "papers from the Circuit Court finalizing" the "denial of post conviction relief for modification of sentence on July 26, 2021 . . . ."  ECF 8 at 1. Yet, Dyson does not explain why he was unable to initiate the proceeding within the time

prescribed, with a supplement to his filing at a later time.  *See* ECF 8 at 1.  Dyson also asserts that he believed he had one year to file dating from July 26, 2021, when he was "denied Post Conviction relief for modification of sentence . . . ."  *Id.*; *see also* ECF 11 (correspondence repeating same).  However, he is mistaken in his calculation of the one-year limitations period.

Dyson's judgment of conviction became final on May 23, 2019, or 90 days after the Court of Appeals of Maryland denied his petition for a writ of certiorari on direct appeal.  *See* U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").  Therefore, Dyson had one year from that date, or to and including May 26, 2020, to file his Petition in this court.  *See* 28 U.S.C. § 2244(d)(1)(A).[7]

As previously stated, the one-year period is tolled while properly filed state post-conviction proceedings or other motions for collateral review are pending.  *See* 28 U.S.C. § 2244(d)(2); *Hill*, 277 F.3d at 704 (stating that "[t]he running of the one-year limitation period . . . is suspended" during the pendency of post-conviction or other collateral review).  Thus, Dyson was entitled to pause the running of the one-year limitations period upon the filing of an application for state post-conviction relief or other collateral review by May 26, 2020.  *See* 28 U.S.C. § 2244(d)(2).  He filed his petition for post-conviction relief in state circuit court on September 10, 2019, which paused the one-year period.  ECF 5-1 at 25.  By that time, 110 days had elapsed, thus leaving 255 days in the one-year period.  The one-year clock remained tolled until March 11, 2021, when the circuit court

---

[7] One year from May 23, 2019, fell on Saturday, May 23, 2020, and May 25, 2020 was the Memorial Day holiday.  Federal Rule of Civil Procedure 6(a)(1) provides that if the last day of a "time period specified in . . . any statute" is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

adjudicated the post-conviction petition and denied Dyson's "Motion to Extend [Deadline] for Filing Application for Leave to Appeal." *Id.* at 28.  Another 50 days elapsed until April 30, 2021, when Dyson filed his belated motion for reconsideration of his sentence, under Md. Rule 4-345(3), thus leaving 205 days in the one-year period.  *Id.* at 28-29.  The one-year clock remained tolled until the circuit court's denial of the motion for reconsideration on July 26, 2021.  *Id.*  Thereafter, the one-year clock continued to run for another 276 days until Dyson filed his Petition in this court on April 28, 2022.  ECF 1.

In sum, the limitations clock ran for a total of 436 days, or over one year, during which no post-conviction proceeding or other collateral review was pending.  *See* 28 U.S.C. § 2244(d)(2) (stating that the one-year period is tolled only while properly filed state post-conviction proceedings or other collateral review are pending); *see Hill*, 277 F.3d at 704.  Therefore, statutory tolling does not salvage Dyson's federal habeas claims.

Although Dyson states that he was unaware of the correct time limitation for filing his Petition, this is not sufficient to establish equitable tolling.  "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."  *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Moreover, with regard to Dyson's assertion that post-conviction counsel provided ineffective assistance, his claim fails as a matter of law because it is not cognizable.  Notably, 28 U.S.C. § 2254(i) states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  For a claim of relief under presented under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law.  *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose

confinement does not violate federal law."); *see also Mackall v. Angelone*, 131 F.3d 442, 447-48 (4th Cir. 1997) (noting that post-conviction relief is not part of the criminal proceeding itself and is not constitutionally required); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (applying rule that claims of error occurring in state post-conviction proceeding cannot serve as basis for habeas relief).

There is no federal constitutional right to an attorney in state post-conviction proceedings. *Mackall*, 131 F.3d at 449.  Thus, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."  *Id.* at 448 (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)); As such, Dyson's claim that post-conviction counsel rendered ineffective assistance does not raise a cognizable claim for relief through a federal habeas petition.

For the reasons stated herein, the relief sought must be denied and the Petition shall be dismissed as untimely.

## IV.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.  A COA is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2254 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[8]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 773

---

[8] The denial of a COA by the district court does not preclude Dyson from seeking a COA from the United States Court of Appeals for the Fourth Circuit.

(2017).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find the dispositive procedural ruling dismissing the claims, or the court's assessment of the constitutional claims, either debatable or wrong.  *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has not made the requisite showing.  Therefore, I decline to issue a COA.

An Order follows.

_____April 28, 2023_____                    _____/s/_____
Date                                          Ellen L. Hollander
                                              United States District Judge

11